J. Howard Rossbach, J.
Defendant moves to suppress evidence of book-making which was taken from his person incidental to an arrest made by a police officer without a warrant. The arresting officer had confidential information from a reliable *936 informant that the defendant was taking bets in a grocery store. The officer went to the store and observed four unknown persons each speak to the deféndant, give him money, and depart without making apparent purchases. The officer moved closer and when a fifth person approached the defendant, the officer overheard a bet made on a football game, in a substantial amount. At this point the defendant was arrested.
Concededly, if the arrest was valid, the search and seizure were proper, and if the arrest falls, so must its fruits. Prior to 1963, while the foregoing facts would justify the issuance of a search warrant (Code Grim. Pro., § 793) they would have been insufficient to support an arrest for book-making under section 986 of the Penal Law (People v. Defore, 242 N. Y. 13). Section 177 (subd. 1) of the Code of Criminal Procedure then provided: “A peace officer may, without a warrant, arrest a person * * # for a crime, committed or attempted in his presence ”.
In 1963 (L. 1963, ch. 580) this section (Code Grim. Pro., § 177, subd. 1) was amended to permit a police officer to make an arrest without a warrant if he “ has reasonable grounds for believing that a crime is being committed in his presence.” Under the present law, a police officer can arrest without a warrant if he has “ reasonable grounds ” to believe that a misdemeanor is being committed before him. In the absence of guidance from the appellate courts, we hold the words ‘ ‘ reasonable grounds ’ ’ are roughly coextensive with ‘ ‘ reasonable cause ” and “ probable cause ”. Thus construed, the test is whether there are “ ‘ such grounds as would induce an ordinarily prudent and cautious man, under the circumstances, to believe likewise’”. (People v. Coffey, 12 N Y 2d 443, 451.) There must be “‘a reasonable ground for belief of guilt ’ ”. (Brinegar v. United States, 338 U. S. 160, 175.)
Under the new statute the .arrest is held to be valid. Since this statute will undoubtedly receive close and repeated scrutiny from the appellate courts, lengthy reasoning at the trial level is not appropriate. This brief opinion is submitted, not as a landmark, but as a temporary signpost.
The motion to suppress the evidence is denied.